[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Michael and Deborah Cannata, appeal CT Page 645 a decision of the defendant commissioner of the department of environmental protection concerning certain real property that the plaintiffs own along the Connecticut river in Cromwell. The attorney general and the Connecticut Fund for the Environment have intervened as defendants pursuant to General Statutes § 22a-19. The plaintiffs appeal is authorized by § 4-183. The court finds the issues in favor of the defendants.
The facts essential to the court's decision are undisputed and fully reflected in the record. The plaintiffs own two hundred acres of land in Cromwell bordering the Connecticut river. The land is subject to the stream channel encroachment line statute, General Statutes § 22a-342 et seq. This statute was enacted to allow the commissioner to establish lines around bodies of water susceptible to flooding, beyond which no obstruction or encroachment is allowed without a permit from the commissioner.
On July 5, 1988, the plaintiffs notified the commissioner that they intended to cut trees on a fifty-five acre portion of their land within the stream channel encroachment lines, in order to expand their agricultural crop land. On July 8, 1988, the commissioner issued, ex parte, a cease and desist order, directing the plaintiffs not to cut any trees within the stream channel encroachment lines because they had failed to obtain a permit. Following a hearing, the commissioner issued a final decision affirming the cease and desist order, in essence holding that the plaintiffs were required to apply for and obtain a permit under § 22a-342 before clear cutting the forest land in question.
The plaintiffs appealed the commissioner's decision that they were subject to the stream channel encroachment statute, claiming that the proposed use of the land for agricultural purposes exempted them from departmental regulation, citing General Statutes § 22a-349. That statute generally exempts land which is used for farming from the requirements of the stream channel encroachment statute.
The Supreme Court dismissed that earlier appeal. SeeCannata v. Department of Environmental Protection, CT Page 646215 Conn. 616, 577 A.2d 1017 (1990). The court held that the commissioner must first determine whether the proposed use of the land exempts it from departmental regulation under § 22a-349 before the plaintiffs may assert the exemption in court. In so holding, the court observed that the statutes make two avenues available to the plaintiffs for pursuing such an administrative determination: (1) the permit application procedure under § 22a-342 and (2) the declaratory ruling procedure under § 4-176. Cannata v. Department of EnvironmentalProtection, supra, 215 Conn. 616, 629, n. 9. The court therefore held that, since the plaintiffs did not utilize either of those procedures, they had failed to exhaust their administrative remedies.
Following the Supreme Court's decision, on August 16, 1990, the plaintiffs submitted to the department an "application for the clearing of approximately 70 acres of my property." It is this application that is the subject of the present appeal to this court. The application concerns the same land and consisted of a "Stream Channel Encroachment Permit Application," on a departmental form and a three page letter with attachments. In the letter, the plaintiff states that he "would like to define exactly what the legal obligations are of the D.E.P. regarding this application." He states that he believes that the department has three "options" and that these are:
 "1. Find that no permit is needed after review, that I meet CGS 22a-349.
 2. Find that a permit is needed as I do not meet CGS 22a-349 but do fall within CGS 22a-342 through 348 and issue a permit.
 3. Find that I do not meet criteria of CGS 22a-342 through 349 and deny a permit."
The balance of the letter is devoted to the argument that the department should rule that no permit is required because the plaintiffs' proposed use of their land is exempt from regulation pursuant to § 22a-349.
The department's hearing officer, designated by the CT Page 647 commissioner, conducted a hearing on the plaintiffs' application during June and July, 1991. Following the hearing, the hearing officer rendered a proposed final decision recommending that the plaintiffs not be required to obtain a permit because he determined that their proposed activities were agricultural and, therefore, exempt under § 22a-349.
On December 9, 1992, the commissioner issued his final decision, which rejected the hearing officer's conclusions in the proposed final decision. The commissioner's action in this regard was authorized by General Statutes § 4-179 and Regs., Conn. State Agencies § 22a-3a-6. In his final decision, the commissioner states that it "involves an application . . . for (1) a determination that a permit is not required under Conn. Gen. Stat. 22a-342 to clear-cut and subsequently farm 55 acres of floodplain forest within stream channel encroachment lines . . . or, in the alternative, (2) a permit under 22a-342 for those activities."
In the final decision, the commissioner addressed both facets of the plaintiffs' application; that is, the request for a ruling on exemption and, in the alternative, the request for a permit. The commissioner (1) held that the plaintiffs' land is not exempt under § 22a-349 from the permit requirement of § 22a-342; and (2) denied the plaintiffs' application for a permit under22a-342. It is this final decision that the plaintiffs now appeal.
With respect to the exemption issue, the commissioner held that § 22a-349 was intended by the legislature to exempt from the permit requirement only those farms and agricultural uses in existence when the statute was enacted. The statute was enacted in 1975, long prior to the plaintiffs' request for a ruling concerning their land. It provides as follows:
 The provisions of sections 22a-342 to 22a-348, inclusive, shall not be deemed to restrict agricultural or farming uses of lands located within the stream channel encroachment lines including the building of fences, provided this section shall not apply to farm buildings CT Page 648 and farm structures.
The commissioner noted that the legislative history of the statute indicates that the legislators were concerned only with assuring farmers that "they may continue to carry on normal farming activities without future restrictions," citing 18 H.R. Proc. Pt. 4, 1975 Sess., pp. 1914-1915. The commissioner also noted the principle that exemptions to statutes regulating and protecting the environment are to be strictly construed, citing Conservation Commission v. Price, 193 Conn. 414,424 (1984). Finally, the commissioner noted that an interpretation of the statute to exempt new farming activities would produce irrational results, including this case in particular. Here, for example, the plaintiffs would be able, lawfully and without a permit, to "destroy 55 acres of habitat which the Department considers ecologically critical and which serves important natural flood control functions but could not, once farming had commenced, lawfully build even so insignificant a structure as a garage or tool shed without a permit." Based on all those factors, the commissioner reasoned that the statutory exemption does not apply to new farming activities such as proposed by the plaintiffs.
Further with regard to the exemption issue, the commissioner held that § 22a-349 does not exempt the activities proposed by the plaintiffs in this case even if the statute could be read to apply to new farming activities. The commissioner based this ruling on his conclusion that "clear-cutting 55 acres of forest to develop farmable land" does not constitute an "agricultural or farming use of land" as that phrase is used in the statute. The commissioner cited the provisions of General Statutes § 1-1(q), which define the terms "agriculture" and "farming," in support of his interpretation of § 22a-349.
In his final decision, the commissioner also denied the plaintiffs' application for a permit under § 22a-342. That statute provides, in relevant part, that the commissioner "shall issue or deny permits . . . based upon his findings of the effect of such proposed encroachments upon the flood-carrying and water storage capacity of the CT Page 649 waterways and flood plains . . . and the protection and preservation of the natural resources and ecosystems of the state . . . ." The basis for the commissioner's decision denying the permit in this case was his finding that "clear-cutting this parcel of floodplain forest would have a deleterious hydraulic effect and would destroy an ecosystem of surpassing natural value, one that is among a handful of remaining examples of its kind in Connecticut." He made this finding based on evidence presented by department staff at the hearing and what he termed as the lack of convincing evidence from the plaintiffs to the contrary.
The plaintiffs advance a barrage of contentions in support of their appeal. They are (1) that the commissioner misinterpreted § 22a-349 to apply only to existing farmland; (2) that the commissioner erroneously determined that cutting the forest does not constitute farming; (3) that the tree cutting proposed in this case does not constitute an encroachment or obstruction within the meaning of § 22a-342; (4) that the commissioner's decision constitutes invalid rule making; (5) that the commissioner's decision denies the plaintiffs equal protection of the laws; and (6) that the commissioner's decision results in an uncompensated taking of the plaintiffs' property in violation of the federal and state constitutions.
Before addressing the merits of the plaintiffs' appeal it is necessary to consider the question of the court's jurisdiction. The attorney general contends that the court lacks subject matter jurisdiction to entertain an appeal of the declaratory ruling because the commissioner failed to publish notice of his intent to issue a ruling pursuant to Regs., Conn. State Agencies § 22a-3a-1(c)(2). That regulation was repealed in 1992, but it was in effect when the plaintiffs applied for the ruling in this case. The regulation read then as follows:
 Within thirty (30) days following receipt of a petition, the Commissioner shall determine whether to grant or deny it, and shall notify the petitioner. If the petition is granted, the Commissioner shall publish in the Connecticut Law Journal a notice of the CT Page 650 granting of the petition and the right of the public to comment thereon . . . .
It is undisputed that the commissioner failed to publish notice of his intent to issue a ruling in the Connecticut Law Journal. On May 30, 1991, however, a notice of the public hearing on the plaintiffs' application was published in the Hartford Courant.
The attorney general argues that the commissioner's failure to publish notice in the Connecticut Law Journal is a fatal jurisdictional defect, citing Lauer v. ZoningCommission, 220 Conn. 455, 461 (1991). The court disagrees.
The Lauer case refers to notice in zoning cases required by statute. This is not such a case, and the notice was not required by statute, but rather by a department of environmental protection regulation. The applicable statute, General Statutes § 4-176 (Rev. 1989) contains no such requirement.
Furthermore, as the court noted in its earlier ruling on the defendants' motion to dismiss:
 The Department did give notice of the public hearing it held in this case, and representatives of several organizations appeared and were allowed intervenor status. If the Department failed to give the precise notice that its regulations require prior to rendering a declaratory ruling, neither have any of the numerous intervenors nor any other person entitled to notice objected to the ruling on that basis. And, of course, the ruling was adverse to the plaintiff, resulting in no discernible prejudice to anyone else, with or without notice.
Cannata v. Department of Environmental Protection, Superior Court, JD of Hartford/New Britain at Hartford, DN. 520419 (December 7, 1993, Maloney, J.).
If the attorney general's argument were to prevail, CT Page 651 the commissioner could have insulated all his declaratory rulings from appeal by the simple expedient of refusing or neglecting to publish the notice. Such a result would conflict with the overarching requirement that proceedings before administrative agencies must be conducted "so as not to violate the fundamental rules of natural justice." Huck v. Inland Wetlands andWatercourses Agency, 203 Conn. 525, 536 (1987).
For all of the reasons set forth above, the court concludes that the commissioner's failure to comply with the precise advertising requirement of the regulation does not deprive the court of jurisdiction to hear the plaintiffs' appeal.
Turning to the merits of the plaintiffs' appeal, the court concludes that the commissioner's findings concerning the nature of the plaintiffs' proposed activities are dispositive. Specifically, the commissioner's determination that the proposed tree cutting does not constitute farming and his implicit finding that the cutting would create an encroachment or obstruction within the stream channel encroachment lines dispose of all of the plaintiffs' arguments except the taking claim, which will be separately addressed.
The plaintiffs contend that the commissioner erred in determining that the clear cutting was not a farming activity. Their ultimate goal in applying for the ruling or the permit is to expand their agricultural crop land. In order to do this, they argue, it is necessary first to cut the trees on the land. The plaintiffs cite the conclusions of the hearing officer in the proposed final decision, stating:
 Their proposed growing of crops is clearly agricultural and neither the disputed economics of it [n]or anything else in the record would support a finding that it is not. Clearing the trees is an essential prelude to the growing of crops here, as it would be elsewhere in Connecticut's generally forested landscape. . . . I, thus, conclude that clearing the trees in this case is part of the proposed growing of crops. CT Page 652
Proposed Final Decision at 25.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(f) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion."Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57-58 (1991).
With regard to the interpretation of statutes, general principles of administrative law also favor deference to agency conclusions. "Although the construction and interpretation of a statute is a question of law for the courts to decide . . . it is a well established practice of (the) court to accord great deference to the construction given (a) statute by the agency charged with its enforcement." Starr v.Commissioner of Environmental Protection, 226 Conn. 358,372 (1993). It is undisputed that the commissioner is responsible for enforcing the statutes in question. This court is required, therefore, to accord great deference to the interpretation of those statutes given by the commissioner. This does not mean that the court must abdicate its adjudicative function in interpreting the law, but it does mean that where there are different but equally plausible interpretations of a statute or regulation, the court must give due deference to that followed by the commissioner. Starr v. Commissioner, supra 376.
This deference rule has already been given special potency in this case by our Supreme Court in its earlier consideration of the issues. In Cannata v. Department ofEnvironmental Protection, supra, 215 Conn. 627, the court held:
 Whether the plaintiffs' proposed activity within the stream channel encroachment lines CT Page 653 is a placement of an "obstruction or encroachment" requiring them to obtain a permit pursuant to 22a-342 and whether the plaintiffs' proposed use of their land is an "agricultural or farming" use within 22a-349
are factual determinations best left to the commissioner.
In the present case, the commissioner extensively detailed the reasons he concluded that the plaintiffs were not exempt from the statute. Referring to the definitions of farming and agriculture in § 1-1(q), the commissioner determined:
 The clear-cutting proposed here is not `forestry' . . . [n]or is the clear-cutting a salvaging operation incidental to a farming operation. Nor does it involve harvesting or producing a tree-related agricultural commodity in the course of a farming operation. . . . In short, the `farming uses' exempted by § 22a-349 from the permit requirement do not include the clear-cutting of forests to create farmable land.
In view of the principles set forth above, including especially the specific application of those principles to the precise issues in this case, as mandated by our Supreme Court, this court must defer to the commissioner s conclusion that the plaintiffs' proposed activities do not constitute farming or agriculture within the meaning of § 22a-349. They do not, therefore, qualify for exemption from the permit requirement of § 22a-342.
The same principles and the same application of those principles requires that the court affirm the commissioner's implicit finding that the plaintiffs' proposed activities would constitute an encroachment or obstruction within the stream channel encroachment lines. The commissioner's findings in this regard are noted earlier in this opinion. The court finds that in light of the evidence concerning the plaintiffs' proposed tree cutting, the commissioner's findings and conclusions were not unreasonable. CT Page 654
Because the court affirms the commissioner's decision that the plaintiffs' proposed clear cutting was not a farming use exempted under § 22a-349, it is not necessary to consider whether that statute applies to proposed new farming activities. Specifically, the court need not rule in this case on the validity of the commissioner's conclusion that the statute does not exempt new farming uses. Similarly, the court need not rule in this case on whether the commissioner's decision on that issue constituted invalid rule making.
The plaintiffs next argue that the commissioner's decision violates their equal protection rights. In this regard, they contend that the effect of the decision is to afford disparate treatment to similarly situated landowners who intend to farm land located within the stream channel encroachment lines. This claim is, of course, dependent on a finding that the proposed activities would constitute farming. The commissioner did not so find, however, and the plaintiffs have accordingly not met the threshold criterion that they are part of the class being treated differently under the law from other farmers.
Lastly, the plaintiffs claim that the commissioner's decision to deny the plaintiffs a permit for the agricultural use of their land constitutes an unlawful taking in violation of the fifth amendment to the constitution of the United States and article first, § 11
of the constitution of Connecticut. The court agrees with the defendants that the plaintiffs' uncompensated taking claim is not properly raised in this appeal.
 `[A] party cannot seek the relief provided in an ordinance or statute and later in the same proceeding raise the question of its constitutionality. . . . [A] party should proceed with the administrative remedies available to him, and thereafter, `challenge by direct attack in an independent proceeding the constitutionality of the regulation, or indeed, of the entire ordinance or law.'
Cioffoletti v. Planning and Zoning Commission, 209 Conn. 544, CT Page 655 550, 552 A.2d 796 (1989) quoting Florentine v. Darien,142 Conn. 415, 115 A.2d 328 (1955). In the present case, the plaintiffs seek a permit pursuant to § 22a-342. They may not simultaneously attack the constitutional validity of that statute in the same court proceeding.
For all the reasons set forth above, the plaintiffs' appeal is dismissed.